UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

VINCENT T. ALLEN                                   CIVIL ACTION

versus                                             NO. 11-927
                                                   consolidated with
                                                   NO. 11-1601

ROBERT C. TANNER, WARDEN                           SECTION: "A" (1)

REPORT AND RECOMMENDATION

This matter was referred to this United States Magistrate Judge for the purpose of conducting a hearing, including an evidentiary hearing, if necessary, and submission of proposed findings of fact and recommendations for disposition pursuant to 28 U.S.C. § 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases in the United States District Courts. Upon review of the record, the Court has determined that this matter can be disposed of without an evidentiary hearing. See 28 U.S.C. § 2254(e)(2). Therefore, for all of the following reasons, **IT IS RECOMMENDED** that the petition be **DISMISSED WITH PREJUDICE** as untimely.

Petitioner, Vincent T. Allen, is a state prisoner incarcerated at the B.B. "Sixty" Rayburn Correctional Center, Angie, Louisiana. On June 28, 2004, he was convicted of manslaughter under Louisiana law.[1] On June 13, 2006, he was sentenced to a term of forty years imprisonment.[2] On March 7, 2007, the Louisiana Fourth Circuit Court of Appeal affirmed that

---

[1] State Rec., Vol. III of V, transcript of June 28, 2004, p. 186; State Rec., Vol. I of V, minute entry dated June 28, 2004; State Rec., Vol. I of V, jury verdict form.

[2] State Rec., Vol. III of V, transcript of June 13, 2006; State Rec., Vol. I of V, minute entry dated June 13, 2006.

conviction and sentence.[3]  The Louisiana Supreme Court then denied his related writ application on November 9, 2007.[4]

On September 17, 2008, petitioner filed an application for post-conviction relief in the state district court.[5]  He later filed a supplemental application on October 8, 2009.[6]  Those applications were denied on November 4, 2009.[7]  His related writ applications were then likewise denied by the Louisiana Fourth Circuit Court of Appeal on January 8, 2010,[8] and by the Louisiana Supreme Court on February 4, 2011.[9]

Petitioner filed a federal application for *habeas corpus* relief, which was docketed as Civil Action No. 11-927, on April 7, 2011.[10]  He then filed an amended application on May 16,

---

[3]  State v. Vincent, 954 So.2d 779 (La. App. 4th Cir. 2007) (No. 2006-KA-1434); State Rec., Vol. I of V.

[4]  State v. Vincent, 967 So.2d 502 (La. 2007) (No. 2007-KO-0944); State Rec., Vol. III of V.

[5]  State Rec., Vol. I of V.

[6]  State Rec., Vol. I of V.

[7]  State Rec., Vol. I of V, Judgment dated November 4, 2009.

[8]  State v. Allen, No. 2009-K-1731 (La. App. 4th Cir. Jan. 8, 2010); State Rec., Vol. I of V.

[9]  State *ex rel.* Allen v. State, 56 So.3d 987 (La. 2011) (No. 2010-KH-0278); State Rec., Vol. V of V.

[10]  Rec. Doc. 1 (No. 11-927).  "A prisoner's habeas application is considered 'filed' when delivered to the prison authorities for mailing to the district court."  Roberts v. Cockrell, 319 F.3d 690, 691 n.2 (5th Cir. 2003).  That date is not reflected on petitioner's application; however, the application was mailed in an envelope bearing a postage meter stamp of April 7, 2011.  Rec. Doc. 1, p. 35 (No. 11-927).

2011.[11] He thereafter filed an additional application on July 5, 2011, which was separately docketed as Civil Action No. 11-1601.[12] The actions have since been consolidated.

The state argues that petitioner's federal applications are untimely. The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") generally requires that a petitioner bring his Section 2254 claims within one (1) year of the date on which his underlying criminal judgment becomes "final." Under the AEDPA, a judgment is considered "final" upon the expiration of time for seeking direct review. 28 U.S.C. § 2244(d)(1)(A).[13]

As noted, the Louisiana Fourth Circuit Court of Appeal affirmed petitioner's conviction and sentence on March 7, 2007.[14] Therefore, at the latest, his state criminal judgment became final on April 6, 2007, when his thirty-day period expired for filing a writ application with the Louisiana Supreme Court to challenge the judgment of the Court of Appeal. Louisiana Supreme Court Rule X, § 5(a).[15]

---

[11] Rec. Doc. 7 (No. 11-927). That amended application was placed in the prison mailing system on May 16, 2011. Id. at p. 1.

[12] Rec. Doc. 2 (No. 11-1601). That application was placed in the prison mailing system on July 5, 2011. Id. at p. 24.

[13] Although § 2244(d)(1) has alternative provisions providing for other events which can trigger the commencement of the statute of limitations, those alternative provisions are not applicable in the instant case.

[14] State v. Vincent, 954 So.2d 779 (La. App. 4th Cir. 2007) (No. 2006-KA-1434); State Rec., Vol. I of V.

[15] Louisiana Supreme Court Rule X, § 5(a), provides in pertinent part: "An application seeking to review a judgment of the court of appeal ... after an appeal to that court ... shall be made within thirty days of the mailing of the notice of the original judgment of the court of appeal." In the instant case, the Court of Appeal mailed notice of its judgment on March 7, 2007. State Rec., Vol. III of V, certificate of mailing.

This Court expressly notes that, as part of the direct review proceedings, petitioner subsequently filed a related Louisiana Supreme Court writ application in case number 2007-KO-0944. However, that application was clearly filed no earlier than April 9, 2007,[16] which was several days past the deadline. Because the application was untimely, it did not affect the finality date of petitioner's criminal judgment for purposes of § 2244(d)(1)(A). Butler v. Cain, 533 F.3d 314, 317-20 (5th Cir. 2008); see also Boudreaux v. Cain, Civ. Action No. 07-1041, 2009 WL 4730706, at *2-3 (E.D. La. Dec. 9, 2009).

Accordingly, pursuant to 28 U.S.C. § 2244(d)(1)(A), petitioner's federal limitations period commenced on April 6, 2007. The period therefore expired one year later, i.e. on April 7, 2008,[17] unless that deadline was extended through tolling.

The Court first considers statutory tolling. The AEDPA provides that the statute of limitations is tolled for the period of time during which a properly filed application for state post-conviction relief or other collateral review attacking a conviction or sentence is pending in state court. 28 U.S.C. § 2244(d)(2).

During the applicable one-year period, petitioner filed only one state application, i.e. his Louisiana Supreme Court writ application in case number 2007-KO-0944. However, again, that application was filed on *direct* review, not on post-conviction or collateral review. Therefore, the

---

[16] The cover letter accompanying the writ application was dated April 9, 2007, and the envelope in which it was mailed bears a postage meter stamp of April 10, 2007. State Rec., Vol. IV of V.

[17] Because April 6, 2008, fell on a Sunday, the federal limitations period was extended by one additional day. See Flanagan v. Johnson, 154 F.3d 196, 202 (5th Cir. 1998) ("We hold that [Fed.R.Civ.P.] 6(a) applies to the computation of the one year limitation period in § 2244(d) of AEDPA."); Fed.R.Civ.P. 6(a) (if the last day of an applicable period is a Saturday, a Sunday, a legal holiday, or a day when the clerk's office is inaccessible, the period runs until the end of the next day that is not one of those days).

provisions of § 2244(d)(2) are inapplicable, and no statutory tolling can be granted for that application. Butler, 533 F.3d at 318 ("Under [§ 2244(d)(2)] it is only state post-conviction relief proceedings that cause tolling.") and 320 ("Filings that are not part of habeas or post-conviction proceedings do not invoke Section 2244(d)(2) tolling."); see also Boudreaux, 2009 WL 4730706, at *3.

Because the untimely writ application does not qualify for statutory tolling, and because petitioner had no other state applications pending at any time during the one-year limitations period, he clearly is not entitled to any tolling credit pursuant to § 2244(d)(2).[18]

However, that does not end this Court's inquiry in light of the fact that the United States Supreme Court has held that the AEDPA's statute of limitations is also subject to *equitable* tolling. Holland v. Florida, 130 S.Ct. 2549, 2560 (2010). That said, "a petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Id. at 2562 (internal quotation marks omitted); see also Davis v. Johnson, 158 F.3d 806, 811 (5th Cir. 1998) (holding that the AEDPA's statute of limitations can be equitably tolled "in rare and exceptional circumstances"). A petitioner bears the burden of proof to establish entitlement to equitable tolling. Alexander v. Cockrell, 294 F.3d 626, 629 (5th Cir. 2002). In the instant case, petitioner has brought forth no

---

[18] The Court notes that petitioner subsequently filed a state post-conviction application on September 17, 2008. However, because that application was filed *after* the expiration of the federal statute of limitations, it had no bearing on the timeliness of his federal application. See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000); Magee v. Cain, Civ. Action No. 99-3867, 2000 WL 1023423, at *4, aff'd, 253 F.3d 702 (5th Cir. 2001); Williams v. Cain, Civ. Action No. 00-536, 2000 WL 863132, at *2 (E.D. La. June 27, 2000). Simply put, once the federal limitations period expired, "[t]here was nothing to toll." Butler, 533 F.3d at 318.

evidence demonstrating that any "extraordinary circumstance" stood in his way or prevented him from filing a timely federal application.

Because petitioner is entitled to neither statutory tolling nor equitable tolling, his federal application for *habeas corpus* relief had to be filed on or before April 7, 2008, in order to be timely. His federal applications were not filed until 2011, and they are therefore untimely.

## RECOMMENDATION

Accordingly, **IT IS RECOMMENDED** that the petitions for federal *habeas corpus* relief filed by Vincent T. Allen be **DISMISSED WITH PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. 28 U.S.C. § 636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc).[19]

New Orleans, Louisiana, this nineteenth day of August, 2011.

                **SALLY SHUSHAN**
                **UNITED STATES MAGISTRATE JUDGE**

---

[19] Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend that period to fourteen days.